IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.  20-1519 |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment.  (ECF Nos. 21 and 23).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 22 and 24).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 21) and granting Defendant's Motion for Summary Judgment. (ECF No. 23).

**I.      BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act.  Plaintiff's application was filed in 2018.  Administrative Law Judge ("ALJ"), Nikki Hall, held a hearing on July 16, 2019.  (ECF No. 12-2, pp. 31-92).  On July 31, 2019, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 12-2, pp. 11-20).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 21 and 23).  The issues are now ripe for review.

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

**II.     LEGAL ANALYSIS**

    **A.     Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.   Opinion Evidence**

Plaintiff first argues that the ALJ's decision is not supported by substantial evidence. (ECF No. 22, pp. 14-17). Specifically, Plaintiff asserts that the ALJ erred in placing greater persuasive weight on Dr. Picciotti's opinion, the state agency consultative doctor, over that of his treating physician, Dr. Klein. *Id.* As such, Plaintiff submits that remand is warranted.

For claims filed on or after March 27, 2017, the regulations governing the types of opinions considered and the approach to evaluation of opinions by ALJs were amended and the treating physician rule was eliminated. 20 C.F.R. §§404.1520c; 416.920c. Under the new broadened regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source." *Id.* at §§404.1520c(a); 416.920c(a). For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b). In so doing, the ALJ shall consider the following factors: 1) Supportability; 2) Consistency; 3) Relationship with the claimant; 4) Specialization; and 5) Other factors such as familiarity with other evidence in the claim or an

3

understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive. *Id.* at §§404.1520c(c); 416.920c(c).  "The most important factors" are supportability[2] and consistency.[3]  *Id.* at §§404.1520c(a); 416.920c(a).  Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors.  *Id.* at §§404.1520c(b)(2); 416.920c(b)(2).  When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors.  *Id.* at §§404.1520c(b)(3); 416.920c(b)(3).

Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above.  *Id.* at §§404.1520c(b)(1); 416.920c(b)(1).  Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources.  *Id.* at §§404.1520c(d); 416.920c(d).

In this case, Plaintiff suggests that the ALJ erred in finding Dr. Picciotti's opinion mostly persuasive because the opinion was rendered without the benefit of the complete record as compared to that of Dr. Klein.  (ECF No. 22, pp. 14-17).  As Plaintiff acknowledges, however, an ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing as long as the ALJ considered the entire record and subsequent evidence. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social

---

[2] With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).

[3] With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."); 20 C.F.R. §§404.1520c(c); 416.920c(c). After a careful review of the record, I find that is exactly what the ALJ did in this case. The ALJ both accounted for and explicitly discussed the opinion of Dr. Picciotti and the consistency and supportability with the evidence of record, including the subsequent evidence. (ECF No. 12-2, pp. 16-19). Additionally, the ALJ specifically discussed, in terms of consistency and supportability, why he found Dr. Klein's opinion not persuasive. *Id.* at pp. 18-19. For example, he found Dr. Klein's opinion regarding right hand limitations unsupported by the record indicating that Dr. Klein provided no explanation regarding the same while pointing to contrary evidence. *Id.*

An ALJ must provide sufficient explanation of his or her final determination to afford a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). Furthermore, as I mentioned previously, where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). After a review of the evidence and the decision as a whole, I am able to make a proper and meaningful review and the ALJ's assessment of the opinion evidence is supported by substantial evidence. (ECF No. 12-2, pp. 11-20). Therefore, remand is not warranted based on this argument.

    C.    **Residual Functional Capacity ("RFC")** [4]

Following along the same rationale above, Plaintiff argues that the ALJ's RFC determination[5] is not supported by substantial evidence. (ECF No. 22, pp. 15-18). Specifically, Plaintiff concludes that had the ALJ found Dr. Klein's opinion persuasive, the RFC would have

---

[4]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. *Id.*

[5]The ALJ found that Plaintiff has the RFC to perform light work but with certain exceptions. (ECF No. 12-2, pp. 16).

included additional limitations. (ECF No. 22, pp. 17-18). Since I find the ALJ did not err in the consideration of the opinion evidence as set forth above, the ALJ likewise did not err in determining the RFC.[6] Therefore, remand is not warranted based on this argument.

D. **Past Relevant Work**

Again, along the same lines and following the same rationale, Plaintiff argues that the ALJ erred in finding that he can perform his past relevant work.[7] (ECF No. 22, pp. 19-10). In particular, Plaintiff submits that since the RFC did not account for all of his limitations, the ALJ's finding that he could perform his past work is not based on substantial evidence. *Id.* Since I have found the ALJ did not err as set forth above, I find the ALJ did not err in determining Plaintiff could perform his past relevant work. Therefore, remand is not warranted on this basis.

An appropriate order shall follow.

---

[6] To be clear, the ALJ found Plaintiff had work-related functional limitations, just not to the extent alleged by Plaintiff.

[7] Past relevant work pertains to the particular job or the occupation as performed by a plaintiff. SSR 82-62. If an individual can perform his past relevant work, that individual is not disabled and the inquiry ends. SSR 82-62. At the hearing in this case, the ALJ explored Plaintiff's past relevant work and questioned the vocational expert ("VE") about the same. (ECF No. 12-2, pp. 42-84).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.  20-1519 |
| ) | |
| KILOLO KIJAKAZI,[8] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 25th day of January, 2022, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 21) is denied and Defendant's Motion for Summary Judgment (ECF No. 23) is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

---

[8] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

7